IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CASEY PUCKETT,

        Plaintiff,

        vs.                       Case No. 17-1072-JTM

RICHARD WIELAND,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff Casey Puckett, appearing *pro se* and stressing his status as a "Private USA Citizen," brings the present action against United States Bankruptcy Trustee Richard Wieland, generally seeking to avoid enforcement of 11 U.S.C. § 110, which places restrictions on nonattorney bankruptcy petition preparers. In particular, Puckett complains that the Trustee has invoked Section 110 to limit the fees he charges his customers, as well as the requirement under Subsection 110(c) that he supply his social security number (SSN) as part of the petition process. As a part of his Complaint, Puckett asks for a temporary restraining order against the Trustee to enjoin the enforcement of Section 110.

A temporary restraining order "is an extraordinary and drastic remedy" that should not be granted unless the movant carries its burden of persuasion by a clear showing. *West*

*v. Derby Unified Sch. Dist. No. 260*, 23 F.Supp.2d 1220, 1222 (D.Kan.1998). To obtain a temporary restraining order, a movant must show (1) it will suffer irreparable injury unless the motion is granted; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing parties; (3) the injunction, if issued, would not be adverse to the public interest; and (4) a substantial likelihood that it will prevail on the merits. *Winnebago Tribe of Neb. v. Stovall*, 205 F.Supp.2d 1217, 1221 (D.Kan.2002) (citing *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1171 (10th Cir.1998)), *aff'd* 341 F.3d 1202 (10th Cir.2003)).

Puckett's complaint falls far short of this mark. Enacted as a part of the Bankruptcy Reform Act of 1994, Section 110 "was enacted to 'address the growing problem of bankruptcy preparers who abuse the system' and 'is intended to police fraud and abuse by such preparers.'" S.Rep. No. 168, 103d Cong., 1st Sess. 51 (1993). In the view of Congress, Section 110 was "critically needed to confront the large scale fraudulent conduct of [bankruptcy petition preparers] who prey on the poor and unsophisticated." 140 Cong.Rec. § 14, 597–98 (daily ed. October 7, 1994). Courts have consistently rejected challenges to the validity of Section 110. *See, e.g., In re Evans*, 413 B.R. 315, 322-23 (Bankr. E.D. Va. Aug. 23, 2009) ("there is no fundamental right under the equal protection clause of the Fifth Amendment to pursue a calling as a bankruptcy petition preparer"); *In re Rausch*, 197 B.R. 109, 116 (Bankr. D. Nev. 1996) (finding "[t]he need for public access to a document preparer's SSN is compelling, given the serious nature of the conduct to be prevented and the widespread corruption associated with document preparers").

2

Puckett has presented similar arguments before. In an earlier action against the Trustee and against one of the Bankruptcy Judges of the District of Kansas, Puckett advanced similar arguments — that Section 110 violates due process and amounts to price fixing. However, Puckett voluntarily dismissed his action shortly after the Magistrate Judge assigned to the case approved Puckett's request to proceed *in forma pauperis*, but otherwise found no merit to his claims:

> With these standards in mind, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's rambling Complaint vaguely alleges violations of 42 U.S.C. Section § 1983, state and federal antitrust laws, the "1890 Sherman Act," and "our right to procedural due process under the Fourth, Fifth and Fourteenth Amendments . . . ." Plaintiff contends these violations result from alleged "price fixing" by the named federal government Defendants relating to the document "typing service" Plaintiff provides for pro se individuals. (*Id*.) These allegations do not, on their face, state a valid claim for relief under federal law.
>
> It is not possible to discern a legally-cognizable cause of action from Plaintiff's Complaint. He appears to complain about two matters. He challenges the United States Bankruptcy Court's action, apparently taken upon motion from the Untied States Trustee (Doc. 1-7), reducing his document preparation fee charged to Debtors in a Bankruptcy case. Such a challenge should have been made by proper appeal of that Court's order, and is not actionable as a separate action. The other matter seems to be related to a pending state court proceeding in which the Kansas Attorney General is seeking a restraining order against the Plaintiff (Doc. 1-1.) Plaintiff has stated no action which would support this Court's interference with the case pending in the state court. As such, Plaintiff has not stated a claim upon which relief may be granted and this Court RECOMMENDS that his case be DISMISSED.

*Puckett v. Somers*, No. 15-1030-JTM (D. Kan. Jan. 30, 2015) (Dkt. 8, at 8-9).

Puckett's claims have found no additional validity in the interim, and the court finds no basis for differing from the Magistrate Judge's recommendation in 2015.

3

IT IS ACCORDINGLY ORDERED this 13th day of April, 2017, that the plaintiff's Motion for Temporary Restraining Order (Dkt. 4) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE