IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CASEY PUCKETT, )
)
                Plaintiff, )
)
vs. )   Case No. 17-1072-JTM-KGG
)
RICHARD WIELAND, )
)
                Defendant. )
)

**MEMORANDUM & ORDER ON
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff's federal court Complaint brings various claims against Defendant deriving from Plaintiff's allegation that Defendant "is demanding a price fix on the product 'bankruptcy petition preparing'," which Plaintiff contends violates federal law and his Constitutional rights. (Doc. 3, sealed, at 1; *see generally*, Doc. 1.) In conjunction with his federal court Complaint, Plaintiff has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed). Having reviewed Plaintiff's motion, as well as his financial affidavit and Complaint, the Court **GRANTS** Plaintiff's motion for *IFP* status.

**A.**    **Motion to Proceed *IFP*.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 45 years old and single, with one dependent for whom he provides a small amount of monthly financial support. (Doc. 3-1, sealed, at 1-2.) Plaintiff is currently self-employed, earning a modest income. (*Id*., at 2.) He lists no other sources of income. He owns no real property, but does own modest automobile for which me makes monthly payments. (*Id*., at 3-4.) He lists typical monthly expenses, including rent, groceries, gas, insurance, and telephone. (*Id*., at 5.) He also lists monthly business

2

expenses. (*Id.*) He has previously filed for bankruptcy. (*Id.*, at 6.)

Considering all of the information contained in the financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* (Doc. 3, sealed).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of April, 2017.

        S/ KENNETH G. GALE
        KENNETH G. GALE
        United States Magistrate Judge