IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CASEY PUCKETT,

        Plaintiff,

        vs.                       Case No. 17-1072-JTM

RICHARD WIELAND,

        Defendant.

MEMORANDUM AND ORDER

*Pro se* plaintiff Casey Puckett, who is engaged in the business of bankruptcy document preparation, has sued Richard Wieland, the United States Trustee in Bankruptcy in Wichita, Kansas, complaining that Wieland has been enforcing 11 U.S.C. § 110, which sets certain restrictions on non-attorney document preparers. As noted in the court's previous order denying Puckett's *ex parte* request for injunctive relief, Section 110 was enacted as a part of the Bankruptcy Reform Act of 1994 to curb certain abuses among bankruptcy document preparers. (Dkt. 5). The court explicitly agreed with the Report and Recommendation which had been entered by the United States Magistrate Judge in an earlier *pro se* action by Puckett challenging Section 110, *Puckett v. Somers*, No. 15-1030-JTM (D. Kan. Jan. 30, 2015) (Dkt. 8, at 8-9) ("[t]hese allegations do not, on their face, state a valid claim for relief under federal law").

1

The matter is now before the court on Puckett's June 1, 2017 Request for Entry of Default. Wieland was served with process on May 4, 2017.

Although Wieland has yet to respond to the Complaint, the court will defer any entry of default, as the plaintiff's Complaint directly challenges the constitutional validity of a federal statute, yet the plaintiff has failed to comply with Fed.R.Civ.Pr. 5.1. Under the rule, a party must give notice of the constitutional challenge to the Attorney General whenever "a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees *in an official capacity*." (Emphasis added). While Wieland is the United States Trustee, all of the pleadings filed by Puckett stress that Wieland, a "Private USA Citizen," is being sued "in his own individual capacity." (Dkt. 10, at 1).

Rule 5.1(a)(2) requires a party that files a pleading which draws into question the constitutionality of a federal statute file a notice of constitutional question and serve it on the United States Attorney General. The requirement in Rule 5.1 supplements the court's obligation under 28 U.S.C. § 2403 to certify a constitutional challenge to the Attorney General. See Advisory Committee Notes to Rule 5.1 ("the court may not enter a final judgment holding a statute unconstitutional before the attorney general has responded or the intervention period has expired without response"); *Oklahoma ex rel Edmondson v. Pope*, 516 F.3d 1214, 1216 (10th Cir. 2008) ("[t]he public interest is not well served when a federal statute is challenged and potentially invalidated in litigation among private parties ... in the absence of input from the institution that has the responsibility and expertise to defend Acts of Congress").

2

A plain reading of Puckett's Complaint indicates that he is challenging the validity of Section 110. He argues that the statute's requirement that preparers supply a social security number violates "a right to privacy clearly protected by the U.S Constitution" (Dkt. 1, at 3). He claims the statute's enactment is invalid: "By creating Code 110, and its enforcement of it, you are not giving me equal protection of the four anti-trust laws in Kansas." (*Id.*) He argues enforcement of Section 110 means he "must give up … constitutionally protected rights that others enjoy." (*Id*. at 4). Section 110 restricts the maximum fees that document preparers may charge; Puckett argues that his "processes … are protected by the 1st Amendment, the freedom of press and speech, individuals are allowed by supreme law, to share free published articles, no obligation required." (*Id*. at 7-8).

The court will not authorize entry of default prior to the plaintiff's compliance with Rule 5.1(a) by supplying notice to the Attorney General. In addition, Rule 5.1(c) gives the Attorney General 60 days to decide whether to intervene in the action.

IT IS ACCORDINGLY ORDERED this 2nd day of June, 2017, that the plaintiff's Request for Entry of Default (Dkt. 10) is denied. The court directs the Clerk of the Court to mail a copy of this Order and the Request for Entry of Default to the defendant at the address listed in the Summons Return (Dkt. 9).

  s/J. Thomas Marten    
United States District Court