IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| CASEY PUCKETT, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-1072-JTM-KGG |
| | ) | |
| RICHARD WIELAND, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER ON
MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff's federal court Complaint brings various claims against Defendant deriving from Plaintiff's allegation that Defendant "is demanding a price fix on the product 'bankruptcy petition preparing'," which Plaintiff contends violates federal law and his Constitutional rights. (Doc. 3, sealed, at 1; *see generally*, Doc. 1.) In conjunction therewith, Plaintiff filed a motion requesting, and was granted, the right to file his case *in forma pauperis*. (Doc. 3, motion; Doc. 6, Memorandum & Order.)

Currently pending before the Court is Plaintiff's "Motion for Reconsideration for Appointment of Counsel." (Doc. 16.) Plaintiff has not, however, previously filed a Motion for Appointment of Counsel. The Court is, therefore, unsure as to why Plaintiff has styled his current motion as a motion for

reconsideration. Regardless, the Court considers this motion as Plaintiff's request for appointment of counsel. Having reviewed this motion, as well as other substantive filings in this case, the Court **DENIES** the request for appointment of counsel (Doc. 16).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

The Court has previously granted Plaintiff *in forma pauperis* status. (*See* Doc. 6; *see also* Doc. 3-1, financial affidavit.) Considering all of the information contained in Plaintiff's previously submitted financial affidavit, the

Court is satisfied that he is unable to afford counsel. The applicant's financial means is not, however, dispositive of the issue of appointment of counsel. As such, the Court will analyze the remaining elements.

Next is Plaintiff's diligence in searching for counsel. The form motion provided by the Court for individuals requesting counsel clearly indicates that applicants are to "<u>confer with</u> (not merely contact)" at least five attorneys regarding legal representation prior to filing the motion. The form provides space for the name, address, date(s) of contact, method of contact, and response received for six attorneys. Plaintiff did not, however, use the Court's form motion. His submission does not indicate whether he has conferred with the requisite number of attorneys. (*See generally*, Doc. 16.)

Often in situations such as this, the Court will require a movant to confer with, and provide the required information regarding, the requisite number of attorneys before the Court will consider the application. The Court finds in this instance, however, that the motion will be resolved on other factors. As such, requiring Plaintiff to complete this task would not be useful.

The next factor is the merits of Plaintiff's case. *See* **McCarthy**, 753 F.2d at 838-39 (10th Cir. 1985); **Castner**, 979 F.2d at 1421. The Court notes that there are concerns regarding the viability of Plaintiff's claims, as evidenced by the Motion

to Dismiss filed by Defendant and currently pending before the District Court. (Doc. 13.) Because this dispositive motion will be decided by the District Court, the undersigned Magistrate Judge will not opine as to the merits of Plaintiff's claims at this time. Rather, the analysis will turn to the final *Castner* factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. To the contrary, Plaintiff has shown the ability for self-representation by drafting his detailed federal court Complaint and various other motions and submissions. (*See generally*, Docs. 1, 3, 4, 10, 15, 16.) Further, Plaintiff's business is legal in nature. Although he is not

4

trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to this case. As such, the "Motion for Reconsideration for Appointment of Counsel" (Doc. 16) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Reconsideration for Appointment of Counsel" (Doc. 16) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 11th day of August, 2017.

S/ KENNETH G. GALE<br>
KENNETH G. GALE<br>
United States Magistrate Judge