IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CASEY PUCKETT,

        Plaintiff,

        vs.                          Case No. 17-1072-JTM

RICHARD WIELAND,

        Defendant.

MEMORANDUM AND ORDER

Appearing *pro se* and stressing his status as "Private UNITED STATES Citizen," plaintiff Casey Puckett has sued Richard Wieland, the attorney for the United States Bankruptcy Trustee, in an effort to prevent the Trustee from enforcing 11 U.S.C. § 110, which places certain restrictions on non-attorney bankruptcy petition preparers. In particular, Puckett complains that the Trustee has invoked Section 110 to limit the fees he charges his customers, as well as the requirement under Subsection 110(c) that he supply his social security number (SSN) as part of the petition process.

Contemporaneous with his Complaint, Puckett asked for a temporary restraining order against Wieland to enjoin the enforcement of Section 110. The court denied the request by separate Order. (Dkt. 5). The matter is now before the court on Wieland's

Motion to Dismiss. (Dkt. 13). For the reasons provided herein, the court finds that Wieland's motion should be granted.

The court accords *pro se* complaints a more generous standard of review. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, all plaintiffs are required to demonstrate a plausible claim for relief based on something more than purely conclusory arguments. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

The defendant presents several arguments. First, he contends that, notwithstanding the assertion in the Complaint that Puckett seeks recovery against the defendant in "his own individual capacity," the pleading is devoid of any nonconclusory allegations of an act taken by Wieland in an individual capacity. Rather, all of the specific conduct referenced in the Complaint occurred while Wieland was acting in his capacity as attorney for the Trustee, an employee of the United States. Accordingly, the Trustee argues, he is entitled to judicial immunity. *See Carrillo v. Wieland*, 527 Fed.Appx. 754 (10th Cir. 2013) (applying judicial immunity to bankruptcy trustees). Second, Puckett should be estopped from his claims under the circumstances of the case.[1] Finally, the Trustee argues that in any

---

[1] According to the narrative set out in Wieland's motion, the Trustee sought to determine the reasonableness of Puckett's fee of $524.99 for the preparation of bankruptcy schedules in In *Re: Christy Dawn Sizemore*, Case No. 16-11984 (Bankr.D. Kan. Dec. 22, 2016). The Trustee asked the court to limit Puckett's fees pursuant to the schedule adopted in the Northern District of California, which limits the fee for similar work to $150. The bankruptcy court conducted a hearing on March 21, 2017, at which the Trustee announced that Puckett had agreed to a settlement in which he agreed to limit his fee to $200. The Trustee in turn withdrew his request for disgorgement of excess fees, and the court approved the agreement on March 30. On March 27, Puckett filed the present action. (Dkt. 88, ¶¶ 2-6). Puckett does not controvert any of this synopsis of the events in *Sizemore* in his response to the motion to dismiss. (Dkt. 15).

event plaintiff's confused claims of restraint of trade and violation of privacy rights are without merit.

Puckett has responded to the motion to dismiss (Dkt. 15), but only by generic assertions of the value of free trade at the most superficial level.(Dkt. 15, at 2-6). The plaintiff supplies no argument as to how the defendant may have been acting in an individual capacity, or why the defendant as an attorney for the United States Trustee would not be entitled to judicial immunity. The plaintiff also supplies no reason why, having compromised his fees at $200 before the bankruptcy court, he should be allowed to now challenge them here in a separate proceeding.

And the plaintiff supplies no authority whatsoever which would support his attack on Section 110. Freedom to trade and privacy are important but qualified rights. In Section 110, Congress has balanced those rights in order to protect persons appearing before the bankruptcy courts—persons who have been vulnerable to abusive practices by nonattorney document preparers. In its Order rejecting Puckett's request for a temporary restraining order, the court discussed the history and rationale of the relevant statutory provision:

> Enacted as a part of the Bankruptcy Reform Act of 1994, Section 110 "was enacted to 'address the growing problem of bankruptcy preparers who abuse the system' and 'is intended to police fraud and abuse by such preparers.'" S.Rep. No. 168, 103d Cong., 1st Sess. 51 (1993). In the view of Congress, Section 110 was "critically needed to confront the large scale fraudulent conduct of [bankruptcy petition preparers] who prey on the poor and unsophisticated." 140 Cong.Rec. § 14, 597–98 (daily ed. October 7, 1994). Courts have consistently rejected challenges to the validity of Section 110. *See, e.g., In re Evans*, 413 B.R. 315, 322-23 (Bankr. E.D. Va. Aug. 23, 2009) ("there is no fundamental right under the equal protection clause of the Fifth Amendment to pursue a calling as a bankruptcy petition preparer"); *In re*

> *Rausch*, 197 B.R. 109, 116 (Bankr. D. Nev. 1996) (finding "[t]he need for public access to a document preparer's SSN is compelling, given the serious nature of the conduct to be prevented and the widespread corruption associated with document preparers").

(Dkt. 5, at 2). *See also In re Hartman*, 208 B.R. 768, 776 (Bankr. D. Mass. 1997) (upholding Section 110 as a "valid consumer protection measure"); *In re Adams*, 214 B.R. 212, 216-17 (B.A.P. 9th Cir. 1997) (rejecting privacy claim by a bankruptcy document preparer, observing that "[i]f [the preparer] does not want to reveal her social security number, she could decline to prepare bankruptcy petitions").

The court also noted that Puckett has presented similar arguments in litigation to this court, and found no support for his arguments. In *Puckett v. Somers*, No. 15-1030-JTM (D. Kan. Jan. 30, 2015), the United States Magistrate Judge reviewed the plaintiff's claims, substantially similar to those presented here, and recommended dismissal of the action. After reviewing the relevant standard for review, the Magistrate Judge determined that Puckett:

> has failed to state a claim upon which relief may be granted. Plaintiff's rambling Complaint vaguely alleges violations of 42 U.S.C. Section § 1983, state and federal antitrust laws, the "1890 Sherman Act," and "our right to procedural due process under the Fourth, Fifth and Fourteenth Amendments . . . ." Plaintiff contends these violations result from alleged "price fixing" by the named federal government Defendants relating to the document "typing service" Plaintiff provides for pro se individuals. These allegations do not, on their face, state a valid claim for relief under federal law.
>
> It is not possible to discern a legally-cognizable cause of action from Plaintiff's Complaint [which] challenges the United States Bankruptcy Court's action, apparently taken upon motion from the United States Trustee, reducing his document preparation fee charged to Debtors in a Bankruptcy case. Such a challenge should have been made by proper appeal of that

> Court's order, and is not actionable as a separate action.... Plaintiff has stated no action which would support this Court's interference with the case pending in the state court. As such, Plaintiff has not stated a claim upon which relief may be granted and this Court RECOMMENDS that his case be DISMISSED.

*Id.* (Dkt. 8, at 8-9) (record citation omitted). The district court was unable to explicitly grant the recommended dismissal because Puckett voluntarily dismissed the action after the Report and Recommendation was filed, but the Magistrate Judge's recommendation in the earlier case was correct.

Section 110 is a valid consumer protection measure, and its enforcement violates no right of the plaintiff.

IT IS ACCORDINGLY ORDERED this 10th day of October, 2017, that the defendant's Motion to Dismiss (Dkt. 13) is hereby granted.

                                                          ___s/ J. Thomas Marten_____
                                                          J. THOMAS MARTEN, JUDGE